UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JUAN ROSA,
                              Plaintiff,

      v.                                              No. 10-CV-1313
                                                         (DNH/DRH)

DR. JACK KEISER M.D., Cayuga Correctional
Facility; D. STALLONE, Cayuga Correctional
Facility Superintendent; and T. NAPOLI, Cayuga
Correctional Facility I.G.P.S.,
                              Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

JUAN ROSA
Plaintiff Pro Se
05-A-4978
Elmira Correctional Facility
Post Office Box 500
Elmira, New York 14902

HON. ERIC T. SCHNEIDERMAN        DAVID L. COCHRAN, ESQ.
Attorney General for the State of         Assistant Attorney General
  New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Juan Rosa ("Rosa"), formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), brought this action against three DOCCS employees at the Cayuga Correctional Facility alleging violations of his Eighth and Fourteenth Amendment rights. Compl. (Dkt. No. 1).

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Defendants have filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(b) for Rosa's failure to notify the Court and counsel of his change of address.  Dkt. No. 47.  Rosa has not responded to the motion.  For the reasons which follow, it is recommended that defendants' motion be granted.

By way of background, Rosa commenced his most recent sentence in DOCCS custody on October 4, 2005.  DOCCS Inmate Information (Dkt. No. 47-2) at 1.  He commenced this action on November 1, 2010 alleging that the three defendants denied him medical treatment and due process in violation of the Eighth and Fourteenth Amendments in connection with medical treatment sought by Rosa.  Compl.  Rosa's last communication with the Court was received on September 2, 2011.  Dkt. No. 40.  It appears from the record that Rosa was released from DOCCS custody to parole on September 9, 2011.  DOCCS Inmate Information at 2; Cochran Affirm. (Dktl. No. 47-1) at ¶ 3.  Since his release, Rosa has not provided either the Court or defendants' counsel with an updated address.  Cochran Affirm. at ¶¶ 4, 5.  As a result, since September 9, 2011, mail sent to Rosa by the Court and counsel has been returned undelivered.  Dkt. Nos.  43, 44, 52, 53.  This motion followed.

Rosa's failure to advise the court of the change of his address indicates that Rosa has abandoned this action.  "Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); see also N.D.N.Y.L.R. 41.2(b)(2) ("Failure to notify the Court of a change of address . . . may result in the dismissal of any pending action."); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.). Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for the failure to prosecute the action. See Williams v. Faulkner,

No. 95-CV-741 (RSP/DS), 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J.). Consequently, Rosa's failure to notify the Court of the change in his address for a period of eight months has made it impossible to proceed with this action and is grounds for dismissal. See Fenza, 177 F.R.D. at 127.

    Accordingly, it is hereby

    **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 47) be **GRANTED** and this action be **DISMISSED** in its entirety with prejudice.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED: May 14, 2012
         Albany, New York

_David R. Homer_
United States Magistrate Judge